[964 NYS2d 422]

In the Matter of JOSE A. MUNIZ (Admitted as JOSE ANTONIO MUNIZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 14, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Scalise & Hamilton LLP* (*Deborah A. Scalise* of counsel), for respondent.

## OPINION OF THE COURT

PER CURIAM

Respondent Jose A. Muniz was admitted to the practice of law in the State of New York by the Second Judicial Department on January 15, 1986, under the name Jose Antonio Muniz. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

Respondent acknowledges that in or about August 2011, he obtained a $25,000 settlement for a client against the City of New York based on two claims of false arrest and that from on or about October 14, 2011 to February 29, 2012, he intentionally misappropriated and used for his own purposes $16,667.50 of the settlement funds he was holding in his escrow account. Respondent avers, and the Committee has independently confirmed, that in September 2012, he fully reimbursed this client and also paid him $825 as a partial refund of his legal fee, and waived expenses with respect to both civil matters. To respondent's knowledge, there are no other disciplinary complaints pending against him in this or any other jurisdiction.

Respondent asserts that he has been a solo practitioner since 1988 and many of his problems were caused by both his failure to maintain proper financial practices and the fact that his oldest daughter was diagnosed with ovarian cancer at the age of 11. He notes that while the child was undergoing chemotherapy, his mother became ill and died, which in turn caused him extreme emotional distress.

Respondent's affidavit of resignation, sworn to on March 21, 2013, complies with section 603.11 in that he states that: (1) his resignation is submitted freely, voluntarily and without coercion

or duress, and that he is fully aware of the implications of submitting his resignation; (2) he is aware that there is a pending disciplinary investigation by the Committee; and (3) if charges were brought predicated upon the misconduct under investigation, he would not be able to successfully defend himself on the merits against such charges (*see* 22 NYCRR 603.11 [a] [1]-[3]). Additionally, respondent asserts that he has consulted with his attorney regarding this matter and he is aware that after his name is stricken from the rolls he cannot apply for reinstatement to the New York State bar for seven years.

Accordingly, we grant the Committee's motion to the extent of accepting respondent's resignation from the practice of law, and striking his name from the roll of attorneys, effective nunc pro tunc to March 21, 2013.

ANDRIAS, J.P., SAXE, MOSKOWITZ, FREEDMAN and ROMÁN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 21, 2013.